IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES VINSON,

                        Petitioner,                        OPINION and ORDER

    v.

                                                                     20-cr-13-jdp

UNITED STATES OF AMERICA,                        23-cv-523-jdp

                        Respondent.

---

       Petitioner James Vinson, proceeding without counsel, seeks relief under 28 U.S.C. § 2255 following his guilty plea to one count of distributing 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841. Dkt. 1; *see also* Case No. 20-cr-13-jdp-1, Dkt. 40 and Dkt. 56. The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings. Rule 4 authorizes me to dismiss a petition summarily if "it plainly appears from the [petition], any attached exhibits, and the record of the prior proceedings that the [petitioner] is not entitled to relief." I will dismiss the petition for lack of jurisdiction because I denied Vinson's prior petition to vacate on the merits and he hasn't obtained the necessary authorization for the court of appeals to file the present petition.

       I begin with some background. I sentenced Vinson to 11 years in prison. Dkt. 56 in the '13 case. Vinson then filed a petition to vacate under § 2255. Case No. 21-cv-710-jdp, Dkt. 1. In that petition, Vinson attacked his sentence on the ground that the government sought a superseding indictment with a more serious charge out of prosecutorial vindictiveness. Dkt. 3 at 3 in the '710 case. I denied that petition on the merits, concluding that the record didn't suggest prosecutorial vindictiveness. *Id.* at 5. Vinson didn't appeal.

In this case, Vinson appears to allege that his advisory guideline sentencing range was incorrectly calculated, and that counsel was ineffective for failing to challenge that error. *See* Dkt. 1. Vinson also alleges that counsel was ineffective for failing to object to multiple false statements that the prosecutor made during sentencing. Dkt. 3.

I turn to the jurisdictional issue. A convicted person may not file a second or successive petition to vacate unless he obtains certification from the court of appeals that his new petition contains either (1) newly discovered evidence or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h). An unauthorized successive petition must be dismissed for lack of jurisdiction. *See Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018).

The phrase second or successive isn't self-defining and doesn't refer to all petitions to vacate filed second or successively in time. *See Panetti v. Quarterman*, 551 U.S. 930, 943–44 (2007); *Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011). But second or successive status applies to a prior petition that was denied on the merits. *See Adams*, 911 F.3d at 403.

I denied Vinson's prior petition on the merits, and he didn't obtain the court of appeals' authorization to file the present petition. So, I must dismiss the petition for lack of jurisdiction.

Vinson asks me to appoint counsel. Dkt. 2 and Dkt. 3. I may appoint counsel for a § 2255 petitioner if "the interests of justice so require" and he is "financially eligible." 18 U.S.C. § 3006A(a)(2)(B). In evaluating the interests of justice, courts usually consider whether the petitioner: (1) can obtain justice without counsel in view of his litigation capabilities and the case's complexity; and (2) would have a reasonable chance of winning with counsel. *See Howard v. Gramley*, 225 F.3d 784, 794 (7th Cir. 2000). Vinson hasn't met this standard, so I will deny his requests to appoint counsel.

Because Vinson seeks relief under § 2255, he may appeal this order only if he obtains a certificate of appealability. I may issue a certificate of appealability only if Vinson makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because I dismissed the petition on procedural grounds, Vinson must show that reasonable jurists would debate whether my procedural ruling is correct and whether motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Vinson hasn't made this showing, so I will deny a certificate of appealability. Vinson may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. Petitioner James Vinson's petition to vacate, Dkt. 1, is DISMISSED for lack of jurisdiction.

2. A certificate of appealability is DENIED.

3. Petitioner's motions to appoint counsel, Dkt. 2 and Dkt. 3, are DENIED.

4. The clerk is directed to enter judgment and send petitioner copies of this order and the judgment.

Entered October 28, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge